# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RICO DUKES | § |
| | § Civil Action No. 4:19-CV-242 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| BRODY SHANKLIN, ET AL. | § |
| | § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 9, 2019, the report of the Magistrate Judge (Dkt. #12) was entered containing proposed findings of fact and recommendations that Plaintiff Rico Dukes's claims against Defendants Brody Shanklin, Mick Meyers, Sherry Shipman, and Coby Waddill (Dkt. #7) be dismissed. Having received the report of the Magistrate Judge, considered Plaintiff's Objection (Dkt. #13), and conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

The facts in this case have been set forth in detail by the Magistrate Judge and need not be duplicated herein. Plaintiff by and through his suit alleges an illegal indictment was issued against him in Texas state court (Dkts. #1, #7). The Magistrate Judge found that Plaintiff's Amended Complaint should be dismissed under § 1915 because Plaintiff's allegations are: (1) barred by *Heck v. Humphrey*; or alternatively are (2) barred on immunity grounds; or (3) otherwise fail to state a claim (Dkt. #12 at p. 5). On December 30, 2019, Plaintiff filed a formal Objection to the Magistrate Judge's report (Dkt. #13). Therein, Plaintiff restates factual allegations from his Amended Complaint and further avers, "[t]here are no codes of law stating why [this case] should be dismissed at anytime within Judge Nowak['s] recommendation" (Dkt. #13 at p. 2). Plaintiff

states, "[t]he evidence that has been showed, filed, and [d]ocumented prove[s] and shows the violation of Texas Government Code [§] 24.117 beyond a reasonable doubt" (Dkt. #13 at p. 2). Plaintiff further proceeds to state "[d]ismissal of this case without any code of law that states why the case [should] be dismissed looks and sound[s] as if [Magistrate] Judge Nowak is asking the Court for a personal favor for her personal interest within this case" (Dkt. #13 at p. 2). Finally, Plaintiff asks the Court to: (1) drop all charges in Texas state court; (2) compensate him for violations of constitutional law; and (3) dismiss his case with prejudice (Dkt. #13 at p. 3).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff purports to object to the entirety of the Magistrate Judge's report; Plaintiff does not specifically object to any of the Magistrate Judge's individual findings. Only objections that are sufficiently specific to focus the district court's attention on the factual and legal issues in dispute must be considered. Notwithstanding, given that Plaintiff continues to request all charges against him be dropped, the Court addresses the applicability of the *Heck* bar and also addresses Plaintiff's statements regarding the Magistrate Judge's "personal interest."

**Heck *Bar***

In the report, the Magistrate Judge found:

Plaintiff is collaterally challenging his underlying criminal conviction by claiming in this civil action that the indictment issued against Plaintiff in state court was illegal. Plaintiff requests the Court dismiss the state court case, prevent the State from retrying the case, and award compensation for the illegal confinement. Such claims are barred by *Heck*. If the Court were to find in Plaintiff's favor on any of these allegations, it would necessarily imply any conviction in his state criminal case was invalid.

(Dkt. #12 p. 6). "[T]he Supreme Court unequivocally held [in *Heck v. Humphrey*, 512 U.S. 477 (1994)] that no cause of action exists under § 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional convictions or imprisonment, or otherwise collaterally attacking the constitutionality of the convictions that form the basis for their incarceration, *unless* the state prisoner can show that the state criminal conviction he is collaterally attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so." *Henry v. Kerr Cty., Texas*, No. SA:16-CV-284-DAE-PMA, 2016 WL 2344231, at *5 (W.D. Tex. May 2, 2016) (citing *Heck*, 512 U.S. at 486-87) (emphasis in original). Plaintiff's Objection continues to request that all charges against him be dropped. Plaintiff fails to demonstrate that his conviction has been reversed or declared invalid. *See Conlan v. King*, 682 F. App'x 345 (5th Cir. 2017) (finding claims of false arrest and illegal seizure of evidence barred by *Heck*). Plaintiff's claims are therefore barred by *Heck*; he cannot employ this action as a mechanism to collaterally attack his state criminal conviction.

*Recusal*

To the extent Plaintiff seeks the recusal of the Magistrate Judge through his Objection and the allegation that the Magistrate Judge has a "personal interest," such a request is neither warranted, nor is it properly asserted. The findings and conclusions contained in the Magistrate Judge's report, without more, are an insufficient basis to justify recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

Plaintiff's Objection is overruled.

**CONCLUSION**

Having considered Plaintiff's Objection (Dkt. #13), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #12) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's claims against each of Defendants, including Brody Shanklin, Mick Meyers, Sherry Shipman, and Coby Waddill, are hereby **DISMISSED WITH PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 26th day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE